Jeff SMITH, Plaintiff–Appellant,

v.

Justin A. TAYLOR, Deputy Superintendent, Nitchke, Correctional Sergeant; J. Campany, Correctional Officer, J. Bragaw, Lieutenant; Howard, Hill, Kwiant Sherman, Correctional Officers; G. Dietterich, Recreation Supervisor, Cape Vincent Correctional Facility; S. Monette, Correctional Officer at Cape Vincent Correctional Facility; Cape Vincent Correctional Facility, Defendants–Appellees.

No. 03–0202–pr.

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

Jeff Smith, Pro Se, New York, NY.

Andrew M. Cuomo, Attorney General of the State of New York; Barbara Underwood, Solicitor General, Andrea Oser, Assistant Solicitor General; and Marlene O. Tuczinski, Assistant Solicitor General, Albany, NY, for Defendants–Appellees.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges and EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

Plaintiff Jeff Smith appeals the district court's dismissal of his Fourth Amendment claim—based on a strip frisk—against defendants Howard, Hill, J. Campany, and Nitchke. We assume the parties' familiarity with the facts, prior proceedings below and in this Court, and specification of appellate issues.

On August 23, 2005, we entered an order affirming the district court's dismissal of all Smith's claims except his strip frisk claim. See Smith v. Taylor, 149 Fed. Appx. 12 (2d Cir.2005). As to the strip frisk claim, we asked the district court to offer a more detailed statement of its reasoning but retained jurisdiction. On June 1, 2006, the district court filed a memorandum-decision and order containing its findings and reasoning and holding that Smith's strip frisk was reasonable because it was permitted by a prison directive, which in itself was reasonably related to a legitimate penological goal. See Smith v. Taylor, slip op., No 00–1164 (N.D.N.Y. June 1, 2006). On July 17, 2006, Smith restored jurisdiction to this court by filing the district court's opinion along with a memorandum of law. On February 5, 2007, appellees filed a responsive letter/memorandum.

We do not question the district court's implicit conclusion that a strip search authorized by New York State Department of Corrections 4910 (the "directive") would be reasonable. See Covino v. Patrissi, 967 F.2d 73, 79 (2d Cir.1992) (upholding a body cavity search performed under circumstances similar to those described in the directive). However, we hold that there are material issues of fact as to whether the search was authorized by the directive or could have been reasonably perceived to be authorized by the directive. See Weyant v. Okst, 101 F.3d 845, 857–58 (2d Cir. 1996) (denying summary judgment on qualified immunity grounds where facts relevant to reasonableness of the search were in dispute).

The directive on which appellees and the district court rely mandates that only two officers—one of whom has a rank of sergeant or higher—can be present during a strip frisk unless the "inmate has a record of resistance to strip searches, strip frisks, or a record of assaults or attempted assaults on correction officers, or the inmate indicates he will actively resist the search." Smith claims that there were four officers present for his search. The district court held that the presence of additional officers was reasonable based on Smith's disciplinary violations and his protest of the strip search. However, to permit a search with four officers present, the inmate must indicate that he intends to "actively resist" the search. While Smith allegedly protested the search on religious grounds, it is not clear that he indicated he would actively resist the search. The presence or absence of such an indication is thus a material issue of fact. Further, there has been no showing that Smith had a record of

---

* The Honorable Edward R. Korman, Chief Judge for the Eastern District of New York, sitting by designation.

resistance to strip frisks or searches or had assaulted or attempted to assault corrections officers.

There is also a material issue of fact as to the amount of force the officers used. While the district court held that "[Smith] ... states that, at most, officers turned him around to face the wall and placed a hand on his neck or shoulder," Smith actually claimed that he had been "physically turned ... around" and "held by the back of his neck by one officer and bent over forward by the other three officers."

We therefore vacate the order granting summary judgment on plaintiff's strip frisk claim and remand for further proceedings consistent with this order.